*Court of Common Pleas, Lebanon County, August, 22d, 1855.*

BOWMAN & PFLEGOR *v.* BOWMAN & GINGRICH.

When a judgment is given at the request of an attorney who was not at the time counsel for the plaintiff, if the latter afterwards wishes to take advantage of this judgment, he must observe the conditions which accompany it.

The court will not regard the answer to an illegal leading question.

When an agreement is made that executions shall issue on judgments in a particular order, and it has been complied with, that is no reason for setting aside the judgment.

BY THE COURT.—There is no ground whatever for setting aside the judgments entered by defendants in this case, as justice can be fully done, and the contracts of the parties enforced by controlling the executions. It appears from the evidence that the judgments were entered on the earnest solicitation of Mr. Boughter, who was not at that time counsel for the plaintiffs. Some contract or promise was made at the time, which appears to have been the main inducement for entering into the arrangement. The precise nature of the bargain is not so readily determined. The parties appear to have mainly directed their inquiries to a wrong object—whether Mr. Boughter was, or was not, plaintiff's counsel? That he was not so at first is very clear. That he became so afterwards is strongly to be inferred. The plaintiffs, by adopting his act, confirm his authority to do it; and a subsequent ratification is equivalent to an original command. They must take the judgment subject to all the conditions under which it was given, or repudiate the act altogether. They cannot confirm it, and hold it good as a judgment, and disregard the conditions under which it was entered, whether that condition be in writing, or established by parol (8 W. & S. 75). And the court can control an execution on a parol agreement (Ibidem). If the agreement was that there should be a *cesset executio*, the creditor must give it. If that none should issue to

interfere with others intended to be preferred, he must abstain accordingly. The difficulty is in collecting the contract from the evidence. In the original petition it is clearly stated that "the judgments were not to be enforced, nor executions issued thereon, nor the effects of the said firm of Bowman & Gingrich, in any way made liable for the payment of the same, until the above enumerated judgments should be fully paid off and discharged." Yet when the same party, who testifies to this fact, is afterwards examined as a witness, not one word is said by him about an agreement that no. execution was to issue; but he merely speaks of an agreement of quite a different character; namely, that certain judgments were to be preferred, and paid off before those were to be paid—a bargain which, if valid at all, and capable of being enforced, must be done by a totally different method,—by distributing the money when raised; it would give us no power to set aside the execution. Possibly the court might infer, from an answer to an illegal leading question put to this witness, that it was agreed at the time that no process should issue on these judgments, except as controlled by Messrs. Kline and Boughter, and not before the others were satisfied. Even that is not directly stated ; but if sworn to most positively, I should entirely disregard it, as the question was illegal, of the most leading character, objected to at the time, and should have been withdrawn. The penalty a party pays for asking illegal questions, is to have the answers rejected. Therefore I shall disregard this answer. The witness's further explanation shows that it was a preference in *payment* for which he stipulated, and not in the issuing of executions. Moses L. Bowman's testimony is much more to the point. He states that the counsel were to issue executions, "first on the judgments of Muth et al., then on Hoffman's, then Moses Brenaman's, then Bowman & Pflegor's, then Meily's." Now if the executions have issued in this order, there is no violation of the contract, which comes within the rule to show cause, but the execution must proceed, and the parties raise the question either on the distribution of the money, or in their right to the claims attached. There is no doubt but that Messrs. Kline and Boughter can successfully interpose the agreement as a bar to the proceeding on the execution attachment, if the accounts were, by that agreement, vested in . them, for the use of the other creditors, in preference to Bowman & Pflegor.

It is not in the character of a general assignment in which no preferences can be given, but rather in the light of collateral se-curity placed in the hands of counsel for the use of certain clients, and to be applied in a designated order. Their answer showing the facts will probably be a complete bar to the attachments ; and the money, when raised by the sheriff, and collected by the attorneys, can all be brought into court for distribution. The rule for

[Norton & Co. *v.* Breitenbach.]

setting aside the judgments, executions, and execution attachments, is discharged without prejudice to any of the parties, as all of the executions appear to have been issued precisely in the order agreed on when the judgments were entered; and no agreement has been proved that Bowman & Pflegor should not issue execution attachments at an after time; but if the facts are as stated, they will probably take nothing in their writ.

*Ulrich, for plaintiff.*

*Kline and Boughter, for defendant.*